UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB,

    Plaintiff,

vs.

THE LOAN EXPERTS CORP.,
d/b/a/ ALL AMERICAN FINANCE,
a California corporation, HORMOZ
NAZARI, an individual, ELIZABETH
CORTEZ PADILLA, an individual,
1350 ESCONDIDO COASTAL, LLC,
a California limited liability company,
WESTLAKE COASTAL, LLC, a California
limited liability company, VCH-SALINAS
1, LLC, a California limited liability company,
ALLSTAR APPRAISALS, INC., a California
corporation, JAMES MAY, an Individual,
and STEWART TITLE OF CALIFORNIA,
a California corporation,

    Defendants.

_____/

Case No. 10-10906
Hon. AVERN COHN

**MEMORANDUM AND ORDER
GRANTING, AS TO VENUE ONLY, DEFENDANTS THE LOAN EXPERTS, HORMOZ
NAZARI, AND ELIZABETH CORTEZ PADILLA'S MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(B)(3) OR, ALTERNATIVELY
FOR TRANSFER OF VENUE (Doc. No. 7)
AND
GRANTING, AS TO VENUE ONLY, DEFENDANT STEWART TITLE CALIFORNIA'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FOR
TRANSFER OF VENUE AND FOR MORE DEFINITE STATEMENT
(Doc. No. 11)
AND
TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA**

I. Introduction

This is a loan fraud case. Plaintiff Flagstar Bank (Flagstar) brought this action to recover losses incurred as the result of a scheme in which each of the named defendants allegedly played a role. Briefly stated, Flagstar was the secured lender on approximately 22 mortgage loans on residential real estate located in California. Flagstar says the mortgages were essentially a sham where "straw buyers" obtained mortgages on property with grossly inflated property values and which the buyers could not reasonably afford.

Before the Court are the following motions:

(1) The Loan Experts Corporation d/b/a All American Finance (Loan Experts), Hormoz Nazari, Elizabeth Cortez Padilla's Motion under Fed. R. Civ. P. 12(b)(2) and 12 (b)(3) to Dismiss for Lack of Personal Jurisdiction (As to Padilla Only) or for Improper Venue or to Transfer Venue. (Doc. No. 7)

(2) Stewart Title California's Motion under Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(e) to Dismiss for Lack of Personal Jurisdiction or Improper Venue, or to Transfer Venue, and for a More Definite Statement. (Doc. No. 11)[1]

For the reasons that follow, the motions will be granted as to transfer of venue only. This case will be transferred to the Northern District of California.

II. Background

The relevant facts as gleaned from the complaint follow.

Flagstar is a federally chartered savings bank with its principle place of business

---

[1] On June 16, 2010, defendants 1350 Escondido Coastal LLC (Escondido) and Westlake Coastal, LLC (Westlake) filed a Motion to Dismiss or Alternatively, to Transfer Venue (Doc. No. 30). Although Flagstar's response to the motion is not due until July 21, 2010, the Court deems it appropriate to rule on the instant motions. Because this case will be transferred, the transferee court can deal with whatever may be left of the motion.

in Troy, Michigan. On May 31, 2001, Flagstar and Loan Experts, a California corporation with its principle place of business in San Jose, California, entered into a Correspondent Purchase Agreement in which Loan Experts would submit prospective loan packages to Flagstar for consideration. Loan Experts warranted that any mortgage loan it submitted to Flagstar would be in compliance with the terms of the agreement. Nazari, as President and CEO, signed a Broker Agreement, a Mortgage Warehousing and Security Agreement, and a Warehousing Note in which he personally guaranteed Loan Experts' obligations to Flagstar.

Flagstar says that between April 6, 2007 and June 19, 2008, 22 residential mortgage loan transactions arising from loan packages submitted by Loan Experts and approved by Stewart Title California were fraudulently misrepresented with respect to property values and the identity of buyers. Flagstar says that both Nazari and Padilla participated in the preparation and submission of the subject loan packages.

All of the loans were for properties located in California. The title holders/sellers of the properties were defendants 1320 Escondido Coastal, LLC and Westlake Coastal, LLC, both California limited liability companies. Stewart Title California, a California corporation with its principle place of business in Milpitas, California, acted as the escrow agent and closed the loans at issue. All of the closings took place in California.

Flagstar initiated this action to recover damages incurred as a result of the scheme. Flagstar's action consists of ten counts—(I) Breach of Contract (Loan Experts), (II) Negligence (Loan Experts), (III) Negligent Misrepresentation (Loan Experts), (IV) Negligence (Stewart Title), (V) Unjust Enrichment (all defendants), (VI) Fraud (all defendants), (VII) Civil Conspiracy (all defendants), (VIII) Negligence/ Breach

3

of Professional Duties (all defendants), (IX) Breach of Warehousing Agreement (Loan Experts and Hormoz Nazari), and (X) Breach of Continuing Guaranty (Hormoz Nazari).

III.  Analysis

A.

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).  There is no absolute requirement that the court address personal jurisdiction before venue, however, since "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject matter is.... Accordingly, when there is a sound prudential justification for doing so, ... a court may reverse the normal order of considering personal jurisdiction and venue." Id.  The motions present an instance of such "sound prudential justification" for considering the issue of venue before that of personal jurisdiction.

As to venue, in this Circuit, a transfer of venue under 28 U.S.C. § 1404 may be had only where the action is brought in a permissible yet inconvenient forum. Martin v. Stokes, 623 F.2d 469, 471 (6th Cir. 1980).  "[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993).  Because Padilla and Stewart Title California have raised compelling personal jurisdiction arguments,[2] the Court will consider whether a transfer is appropriate under 28 U.S.C. §

---

[2]Loan Experts and Nazari have not challenged personal jurisdiction.  Indeed, documents between Loan Experts, Nazari and Flagstar show that Loan Experts and

1406 which applies to actions that are brought in an impermissible forum; the district court need not have personal jurisdiction over defendants before transferring pursuant to this section. Martin, 623 F.2d at 471, 474. Section 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Section 1631 also applies to such actions. It states that when the court "finds that there is a want of jurisdiction," it "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought...." 28 U.S.C. § 1631. "A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice." Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir. 2003) (quotation marks omitted).

The Sixth Circuit has observed that sections 1406(a) and 1631 are "similar provision[s]" that "confer broad discretion in ruling on a motion to transfer." Stanifer v. Brannan, 564 F.3d 455, 456-57 (6th Cir. 2009). The Sixth Circuit has also stated that it is an abuse of discretion for a district court "to refuse to transfer without determining whether transfer would be 'in the interest of justice.' " Commodities Export Co. v. U.S. Customs Serv., 888 F.2d 431, 439 (6th Cir.1989) (quoting 28 U.S.C. § 1631; citing Taylor v. Social Sec. Admin., 842 F.2d 232, 233 (9th Cir. 1988).

---

Nazari agreed to submit to jurisdiction in the appropriate state or federal court in Michigan.

B.

As to whether there is "no permissible federal court [that] would have jurisdiction over the action," this does not appear to be at issue. There does not appear to be any serious disagreement with the notion that the action could have been brought in the Northern District of California.[3]

As to whether a transfer is "in the interest of justice," the clear answer is yes. All of the primary events took place in California. The loan transactions were negotiated and closed in California on properties located in California. The alleged perpetrators of the fraud, including all of the named defendants, are in California. While Flagstar is a Michigan corporation, it chose to do business with Loan Experts in California and grant mortgages on California properties. With the exception of Flagstar's witnesses, all of the other witnesses are in California and, as defendants note, many witnesses may be outside of the Court's subpoena power. While Flagstar says most of its evidence is documentary which can easily be used in Michigan, most of the documents Flagstar would use at trial are located in California. The fact that Flagstar is based in Michigan and chose to sue in a Michigan court is not sufficient to keep the case here. Although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998) (discussing change of venue under section 1404(a)). Under the circumstances set forth above, which show that the locus

---

[3]Defendants Escondido and Westlake, however, have moved to transfer venue to the Southern District of California. This motion as noted above, has not been fully briefed. See n.1, supra.

of the fraud is California, it is in the interest of justice to have the case proceed in California.

## IV. Conclusion

Accordingly, for the reasons stated above, defendants' motions to dismiss relating to a transfer of venue are GRANTED. What is left of the motions to dismiss for lack of personal jurisdiction will be determined by the transferee court.[4] This case is TRANSFERRED to the Northern District of California.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 15, 2010, by electronic and/or ordinary mail.

s/Michael Williams<br>
Case Manager, (313) 234-5160

---

[4] The Court declines to address Stewart Title California's request for a more definite statement under Fed. R. Civ. P. 12(b)(e). The argument is not well-developed; it consists of a single sentence at the end of its brief.